# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| WILLIAM WAYNE JOHNSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:05CV178 |
| | ) | 1:01CR53-1 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Petitioner William Wayne Johnson, a federal prisoner, has filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Petitioner pled guilty to aggravated sexual abuse in violation of 18 U.S.C. § 2241(a). (Docket nos. 1, 18 (criminal case))[1] The court sentenced him to 312 months in prison. (Docket no. 30 (criminal case)) Petitioner appealed, but the Fourth Circuit affirmed the judgment. (Docket no. 39 (criminal case)) Petitioner did not seek certiorari. He then filed this section 2255 motion. (Docket no. 1) Respondent has moved to dismiss the motion because it is time-barred. (Docket no. 2) Petitioner was advised of his right to respond to the motion to dismiss, but he has not done so. (Docket no. 3) The matter is now ready for ruling.

---

[1] Citations to the record will be to the civil case unless otherwise noted.

## **DISCUSSION**

The government requests dismissal on the ground that the motion was filed[2] outside of the one-year limitation period imposed by the Antiterrorism and Effective Death Penalty Act of 1996, P.L. 104-132 ("AEDPA"). 28 U.S.C. § 2255. The AEDPA amendments apply to all Section 2255 motions filed after its effective date of April 24, 1996. Lindh v. Murphy, 521 U.S. 320 (1997).

Interpretations of 28 U.S.C. §§ 2244(d)(1) and 2255 have equal applicability to one another. Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999). The limitation period runs from the date when the judgment of conviction became final. Where a petitioner does not appeal his conviction, it becomes final when the ten-day notice of appeal period expires. See Fed. R. App. P. 4(b); Clay v. United States, 537 U.S. 522 (2003). Where a petitioner files an appeal, finality has been construed to mean when the petitioner may no longer seek further review because of (1) the denial of a petition for certiorari to the United States Supreme Court; or, (2) the expiration of the time for seeking such review. Clay, 537 U.S. 522. A petition for a writ of certiorari is timely filed within 90 days after entry of judgment by the court of appeals. Sup. Ct. R. 13(1).

The Fourth Circuit's judgment was entered on May 1, 2002. (Docket no. 39) Petitioner had 90 days after this date to file his petition for writ of certiorari. He failed

---

[2] A Section 2255 motion is filed by a prisoner when the motion is delivered to prison authorities for mailing. Adams v. United States, 173 F.3d 1339, 1341 (11th Cir. 1999).

to do so, therefore his judgment became final on July 30, 2002. See Clay, 537 U.S. 522. He had until July 30, 2003, to file his section 2255 motion. His motion is dated January 10, 2005. (Docket no. 1) His motion was therefore not timely filed under subsection one of section 2255.

Only if another subsection of section 2255 gives Petitioner a longer limitation period will his filing be timely. Subsection two requires an unlawful governmental action which prevented Petitioner from filing his section 2255 motion, and there is no allegation or showing of such a governmental action. Therefore, subsection two does not apply.

Subsection three allows the limitation period to run from the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized and made retroactively applicable to cases on collateral review. Petitioner may be relying upon the recent Supreme Court cases regarding the proof needed to enhance sentences. See United States v. Booker, 125 S.Ct. 738 (2005); Blakely v. Washington, 124 S.Ct. 2531 (2004). Although the Supreme Court has now decided that the reasoning of Blakely does apply to the federal sentencing guidelines, this decision is not retroactively applicable in collateral proceedings such as this case. See Booker, 125 S.Ct. at 769 (decision to be applied only to cases not yet final when decision issued); see also Schriro v. Summerlin, 124 S.Ct. 2519 (2004) (Ring and a fortiori Apprendi do not apply retroactively on habeas review).

-3-

Case 1:05-cv-00178-JAB-WWD   Document 4   Filed 09/19/05   Page 3 of 5

Therefore, the <u>Blakely</u> line of cases does not extend Petitioner's limitation period, and subsection three does not apply.

Subsection four allows the limitation period to run from the date on which the facts supporting the claim presented could have been discovered through the exercise of due diligence. Petitioner does not contend that he could not have discovered the facts underlying his claims by the time his conviction became final, and the court finds that he could have found these facts. He raises claims of an improper sentence enhancement for being a career criminal, being improperly tried without a jury, false allegations in his presentence report, and that the prosecutor used hearsay from the victim. (Docket no. 1 at 5) He could have known of the facts underlying these claims by the time his sentence became final. Therefore, subsection four does not give him a longer limitation period.

Petitioner's motion is not timely under any subsection of section 2255, and it should be dismissed.

**IT IS THEREFORE RECOMMENDED** that Respondent's motion to dismiss (docket no. 2) be **GRANTED**, and that Petitioner's motion to vacate, set aside or correct sentence (docket no. 1) be **DENIED** and that Judgment be entered dismissing this action.

_____
Wallace W. Dixon
United States Magistrate Judge

Durham, N.C.

September 19, 2005